{¶ 30} I respectfully dissent from the majority's decision to vacate Washatka's sentence on grounds that the record does not adequately justify the court's findings for imposing more than the minimum. When choosing to impose more than the minimum sentence, the court must find on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. The court does not have to state reasons for making the finding, but need only state the finding. SeeState v. Edmonson (1999), 86 Ohio St.3d 324, 1999-Ohio-110, syllabus.
 {¶ 31} As the majority concedes, the court stated its belief that a minimum sentence would demean the seriousness of the offense. Having made that finding, the court did not need to go further and state reasons. The majority's discussion of "reasons" supporting that finding is irrelevant and suggests to me that it is merely substituting its judgment for that of the court. To underscore this point, the majority concludes that the record is "not indicative of a sophisticated drug trafficking operation that would justify deviating from the minimum sentence." However, the majority omits that Washatka pleaded guilty to trafficking in an amount between 50 and 100 times the bulk amount. It also fails to mention the court's finding that Washatka rented two hotel rooms in which he "stashed" his drugs. Even though the court had no obligation to state reasons in support of its findings, the majority's disregard of these facts is troubling since those facts suggest that Washatka was more than just a casual drug dealer.
 {¶ 32} I also believe that the majority makes an improvident citation to Blakely v. Washington (2004), 159 L.Ed.2d 403,124 S.Ct. 2531. Its statement that "even if the trial court should determine that Blakely has no effect on Ohio's sentencing law" implies that the court, not the court of appeals, has to make the determination of applicability. Regardless, I believe that by pleading guilty to a first degree felony, Washatka knew that he would be subject to a sentence in the range of three to ten years, even if he was a first time offender. Blakely clearly states that:
 {¶ 33} "Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail." 124 S.Ct. at 2540.
 {¶ 34} When pleading guilty, Washatka acknowledged that he could receive a prison term of "3 to 10 years in yearly increments." In other words, Washatka knew that by pleading guilty, he could receive up to 10 years in prison. Given these facts, Blakely is wholly inapplicable.